### B. F. HICKS V. LEWIS NELSON *et al.*

1. TAXES—*Redemption.* Where land is sold for taxes September 5, 1882, the period of redemption expires with September 5, 1885.

2. NOTICE, *Not Bad on Face.* Where a county treasurer by mistake in computation of time gives in a redemption notice one day more than three years for redemption, the notice will not be held to be bad on its face.

3. DEED—*Setting Aside, When.* Where the redemption notice gives the full statutory time of three years for redemption, and one day more, and the last day named in the notice is Sunday, the owner will not be permitted to set aside a deed for the land following such notice, without showing that he was misled by the notice, and that he offered to redeem on the last day named in the notice, or if the last day was Sunday, on the next day.

*Error from Wabaunsee District Court.*

EJECTMENT. Judgment for defendants, at the October term, 1887. The plaintiff *Hicks* brings the case to this court.

*Malcolm Nicolson,* for plaintiff in error.

*Geo. G. Cornell,* for defendants in error.

Opinion by STRANG, C.: Action in ejectment for the possession of the east half of the southwest one-fourth of section 8, township 12, range 11, Wabaunsee county, Kansas. Defendants below claim the land under a tax title. The statute provides that "any owner, his agent or attorney, may, at any time within three years from the day of sale, and at any time before the execution of the deed, redeem any land or town lot, sold for taxes, or any part thereof, or interest therein, by paying to the treasurer of the county the amount for which said land was sold, and all subsequent taxes and charges thereon," with interest as provided by the act. The statute also requires the county treasurer, at least four months before the expiration of the time limited for redeeming lands sold for taxes, to publish in some paper published in, or of general circulation in his county, once a week for four consecutive weeks, a list of all unredeemed lands and town lots, describing each tract or lot as the same was described on the tax roll, stating the name of the person to whom assessed, if any, and the amount of taxes charged, and interest, calculated to the last day of redemption, due on each parcel, and give notice that unless such lands or lots be redeemed on or before the day limited therefor, specifying the same, they will be conveyed to the purchaser.

The trial court made the following findings of fact, to wit:

"1. The plaintiff holds title to the real estate in controversy, to wit: The east half of the southwest quarter of section 8, township 12, range 11 east, containing eighty acres of land in Wabaunsee county, state of Kansas, by a chain of valid conveyances duly executed and delivered, beginning with a patent from the United States, dated April 15, 1871, and ending with a deed to the plaintiff, dated August 18, 1880.

"2. Said real estate was sold on the 5th day of September, 1882, for the taxes of 1881, and under said sale a tax deed, valid on its face, was, on the 11th day of September, 1885, duly executed and delivered to C. S. Kinderdine, by the county clerk of Wabaunsee county, Kansas, and the defendant Lewis Nelson is in possession of said real estate under

title derived from said tax deed, by conveyance duly executed and delivered to him by said Kinderdine on the 11th day of May, 1886.

"3. Prior to the execution of said tax deed, the county treasurer of Wabaunsee county, Kansas, published a redemption notice of lands sold for taxes in 1882, of which the following is a copy, to wit:

"'County Treasurer's Office, Alma, Wabaunsee county, Kansas, February 13, 1885. Notice is hereby given that the lands described in the following list, situate in the county of Wabaunsee and state of Kansas, were sold on the 5th day September, 1882, for the unpaid taxes of 1881, and costs and charges thereon.

"'The period of redemption under said sale will expire in three years from the day of said sale, or on the 6th day of September, 1885; the sum set opposite the several tracts includes the taxes, interest, and charges up to the last day of redemption.

"'Now, therefore, unless the said lands shall be redeemed on or before the 6th day of September, 1885, they may be conveyed to the purchaser thereof, on and after the 6th day of September, 1885.

'JOSEPH FIELDS, *County Treasurer.*'

"4. The 6th day of September, 1885, was Sunday.

"5. Before this suit was commenced, the plaintiff tendered to defendant the full amount of taxes and interest on said land."

And the following conclusions of law:

"1. The defendant Lewis Nelson does not unlawfully detain said real estate from said plaintiff, and said plaintiff is not entitled to recover the possession thereof.

"2. The defendants are entitled to recover their costs."

And thereupon said plaintiff to all the foregoing conclusions of law and each of them duly excepted.

The sole question involved in the case is the sufficiency of the redemption notice. There are two questions raised on the notice. It is first asserted by the plaintiff in error that the notice is not sufficient because, since the last day of the period for redemption, the 6th of September, is Sunday, the notice should have extended the period for redemption to and including the next day, the 7th. The land was sold on the 5th day of September, 1882. Under the rule of this court, (*English v. Williamson*, 34 Kas. 212, and *Cable v. Coates*, 36 id. 191,) the day of sale should have been excluded; the period of redemption, then, would have expired on September 5, 1885.

4—45 KAS.

September 5, 1885, was not Sunday, and as the period for redemption expired with that day, it mattered not that the next day was Sunday. The plaintiff had his full three years in which to redeem with the expiration of Saturday, the 5th.

It is argued that, because by the terms of the notice the plaintiff was given the right to redeem on the 6th, he should have had all of that day; and as the 6th was Sunday, he should have also have had the whole of the next day — the 7th. We do not think this argument is tenable. The statute gives three full years in which to redeem, and until the deed is executed, but the notice should give but three years. If, however, the treasurer, by a mistake in computation, gives in the notice one day more than three years for redemption, that will not render the notice invalid upon its face. Nor should the owner be permitted to take advantage of such mistake to set aside a deed following such notice, without showing that he was misled thereby, and that he offered to redeem on the last day named in the notice, or if the last day named was Sunday, on the next day. It is also said the notice was invalid by reason of its uncertainty, or want of definiteness, in fixing the final day for redemption. That part of the notice claimed to be obnoxious to this criticism reads as follows: "The period of redemption, under said sale, will expire in three years from the day of said sale, or on the 6th day of September, 1885." It is argued that the date of expiration for the period of redemption is not definitely fixed. That the notice is, that the period for redemption will expire on one or the other of two periods, to wit: "In three years from the day of sale, or on the 6th day of September, 1885," and that this feature of the notice is subject to the criticism of this court in the case of *Blackistone v. Sherwood*, 31 Kas. 36, and is therefore invalid. The notice in this case differs from the notice criticised in the case cited. In the notice in that case the date of sale was not given, and there was nothing from which to compute the three years for redemption. In this case the date of sale is given in the notice, and a computation will show when the three years will expire. We think

the notice in this case must be held to be good — it is there-
fore recommended that the judgment of the district court be
affirmed.

By the Court: It is so ordered.

All the Justices concurring.