Argued December 9, 1948; affirmed January 25, 1949

## MALLORY *v.* GRUBERMAN

202 P. (2d) 281

*A. C. Yaden,* of Klamath Falls, argued the cause and filed a brief for appellant.

*L. Orth Sisemore,* of Klamath Falls, argued the cause and filed a brief for respondent.

Before Rossman, Chief Justice, and Kelly, Bailey, and Brand, Justices.

BAILEY, J.

This is an action in ejectment brought by plaintiff, Minnie Pearl Mallory, against defendants, C. J. Gruberman and Hazel E. Gruberman, his wife, to recover possession of Lot 6, in Block 2, of West Chiloquin, in Klamath County, Oregon. In her complaint plaintiff alleges that she is the "sole owner in fee simple and entitled to the possession" of the property above described and that defendants wrongfully withhold the possession thereof to her damage in the sum of $500. It is further alleged that the sum of $150.11 in taxes, penalties and interest, to and including the year 1946-47, has "accumulated on said realty and is owing to Klamath County, Oregon, by the plaintiff, and which sum plaintiff herewith brings into Court and deposits the same for said Klamath County, Oregon."

Defendants deny all the allegations of the complaint. As an affirmative defense they allege that taxes were duly and regularly levied upon the real property in dispute for the years 1940, 1941, 1942 and 1942-43; that said taxes became delinquent; that suit was duly and regularly instituted by Klamath County in the Circuit Court of the State of Oregon for the County

of Klamath against Minnie Pearl Mallory and others to foreclose the liens for said and other delinquent taxes; and that thereafter and on the 23rd day of June, 1944, the court duly and regularly entered judgment in favor of Klamath County against said Lot 6, Block 2, for the sum of $84.64, decreed that the liens of such taxes be foreclosed and ordered that said property be sold to Klamath County. Defendants further allege that pursuant to such order the sheriff did sell the real property to Klamath County; that Minnie Pearl Mallory "did not redeem said real property or any part thereof, and that upon expiration of the period of redemption and after notice given in the manner provided by law, the sheriff executed a deed to Klamath County, Oregon," and that on the 7th day of June, 1946, for a valuable consideration Klamath County sold and conveyed said tract of land to the defendants, who are now the owners of such property. The reply denies much of the affirmative matter in the answer, especially the allegation as to the notice given of the expiration date of redemption.

The case was tried before a court and jury. From the judgment entered on a directed verdict for defendants, plaintiff has appealed.

In her brief plaintiff states that the "question of validity of the judgment and decree itself is not properly before you * * * but the whole case now turns on the question of whether or not the right of redemption has been legally cut off." She contends that the notice of "the expiration of the period of redemption" given by the sheriff of Klamath County did not comply with the provisions of § 110-916, O. C. L. A., and therefore the deed given by him to Klamath County is void.

The legislature in 1939 passed an act providing for the foreclosure of liens for delinquent taxes on real

property (ch. 485, Oregon Laws 1939; §§ 110-901 to and including 110-922, O. C. L. A.) and repealed many of the sections of the code relating to tax foreclosure proceedings. § 23, Ch. 485, *supra.* The 1939 enactment did not materially change the then existing statutory provisions relating to the foreclosure of liens for delinquent taxes by judicial proceedings. It provides that the ''court shall order that the several properties, against which the judgment and decree is entered, shall be sold directly to the county for the respective amounts of taxes and interest for which such properties severally are liable'' (§ 110-909); that all real properties so sold shall be held by the county for the period of one year from and after the date of the judgment and decree of foreclosure, unless sooner redeemed, and that during such period of one year ''any person having an interest in any such property at the date of the judgment and decree of foreclosure, * * * may redeem the same by payment of the full amount applicable to such property under said judgment and decree, with interest thereon as provided by law, plus a penalty of 2 per cent of the total amount applicable to such property under the judgment and decree'' (§ 110-911, O. C. L. A.); and that such sale of property to the county ''shall not affect the former owner's right to possession of said property during the period of redemption * * *.'' § 110-915, O. C. L. A.

Sections 110-916 and 110-917, O. C. L. A., provide as follows:

''Not more than 20 days nor less than five days prior to the expiration of the period of redemption of any real property ordered sold to the county under a judgment and decree in accordance with this act, the tax collector shall publish a general notice relative to the expiration of such period of

redemption. Such notice shall contain the date of the judgment and decree, the date of expiration of the period of redemption, and warning to the effect that all the properties ordered sold under said judgment and decree, unless sooner redeemed, will be deeded to the county immediately on expiration of such period of redemption and that every right or interest of any person in such properties will be forfeited forever to the county. Said notice shall be published in two weekly issues of a duly designated newspaper of general circulation in the county within the period of 15 days as specified above. Proof of such publication shall be attached to and made a part of the deed issued to the county. Such published notice may be a general notice and it shall not be necessary to include therein descriptions of the several properties or the names of the respective owners." § 110-916, O. C. L. A.

"Any and all properties not redeemed within such period of one year, as hereinbefore provided, forthwith shall be deeded to the county by the tax collector. Any and all rights of redemption, with respect to the real properties therein described, shall terminate on the execution of such deed to the county. No return or confirmation of any such sale or deed to the county shall be required or necessary." § 110-917, O. C. L. A.

Section 110-926, O. C. L. A., was originally enacted as § 63, chapter 267, General Laws of Oregon, 1907, and was not repealed by chapter 485, Oregon Laws 1939. It reads as follows:

"All sales of land for taxes heretofore or hereafter made to counties or other public corporations are hereby declared legal and valid, and they shall pass good title to the lands assessed. No proceedings subsequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax deed declared void or set aside for irregularities, omissions or defects except where the record owner of

the land sold shall have been actually misled by such irregularities, omissions or defects to his injury."

The judgment and decree of foreclosure was entered on June 23, 1944, and the property here in question ordered sold to Klamath County. Thereafter there was caused to be published by the sheriff and tax collector of Klamath County in the issues of June 11 and 18, 1945, of the Herald and News, a newspaper of general circulation in that county, the following notice:

"Notice of Expiration of Period of Redemption

"Notice is hereby given that the period of redemption for the redeeming of real properties ordered sold to Klamath County under that certain judgment in tax foreclosure made and entered June 23, 1944, in that certain foreclosure suit entitled County of Klamath, State of Oregon, a public corporation, plaintiff, vs. Arthur Faunce et al., defendants, No. F 373, will expire on the 25th day of June, 1945, and all persons are hereby warned that all properties ordered sold under said judgment and decree, unless sooner redeemed, will be deeded to Klamath County on June 25, 1945, and that every right or interest of any person in or to any or all of the properties mentioned in said judgment and decree will be forfeited to Klamath County, Oregon.

"Dated this 11th day of June, 1945.

L. L. Low,
Sheriff and Tax Collector
Klamath County, Oregon."

"J. 11-18—No. 127.

On the 25th day of June, 1945, the sheriff of Klamath County executed and delivered to Klamath County a deed for the property hereinbefore described, in which deed, among other things, are the following

recitals: The entry of the judgment and decree of foreclosure on June 23, 1944; the sale of the property to Klamath County; the publication of notice of the date of expiration of the period of redemption (a copy of which notice and proof of publication thereof is attached to the deed), and that such property had not been redeemed. This deed was filed for record at 4:20 o'clock P. M., June 25, 1945. On June 7, 1946, Klamath County conveyed the property to the defendants. The present action was instituted on April 28, 1947.

Plaintiff, who was the record owner of the tract of land here involved at the time of the foreclosure, contends that the foregoing notice was fatally defective because, she asserts, it incorrectly stated the date of the expiration of the period of redemption. In support of this proposition she directs our attention to a list of cases from some 13 jurisdictions, cited in the annotation in 82 A. L. R. 502, involving the sufficiency of notices to redeem. Most of the cases cited hold that the notice must state the time when the period of redemption expires with such certainty and definiteness as to leave no room for doubt as to the true date. They also require a strict compliance with the statutory provisions as to the giving of the notice and the wording thereof. However, a few of the cases there cited hold that substantial compliance with the statute is sufficient. Some of the latter cases are: *Hicks v. Nelson,* 45 Kans. 47, 25 P. 218, 23 Am. St. Rep. 709; *Munroe v. Donovan,* 31 N. Dak. 228, 153 N. W. 461; *Baird v. Zahl,* 58 N. Dak. 388, 226 N. W. 549; *Halsted v. Silberstein,* 196 N. Y. 1, 89 N. E. 443. All, or practically all, of the cases cited in that annotation arose under statutes which authorize the sale of the land for delinquent taxes to be made in a summary manner by ministerial officers without court proceedings. See *National*

*Surety Corp. v. Smith,* 168 Or. 265, 295, 114 P. (2d) 118, 123 P. (2d) 203.

Prior to the enactment of chapter 267, Laws of 1907, real property was sold for delinquent taxes by ministerial officers without court proceedings. No opportunity for hearing was afforded the owner unless he himself instituted a suit to attack the legality of the tax deed. In referring to the changes brought about by the 1907 act this court, in *Linn County v. Rozelle,* 177 Or. 245, 254, 162 P. (2d) 150, said:

> "The 1907 act revolutionized the procedure whereby tax delinquent property was sold to satisfy its tax indebtedness. It introduced into the process a judicial determination concerning the tax and its delinquency. It prohibited the county from selling property purportedly tax delinquent without first instituting a suit in the circuit court and securing a decree which determined the amount of the tax, found that it was delinquent and ordered the sale of the property. This new legislation required that the person entered upon the tax roll as owner of the property should be made a defendant in the tax foreclosure suit and accorded him and all others interested in the property an opportunity to present to the circuit court every defense which they possessed against the county's suit and to secure an adjudication thereof."

The salient features of the 1907 act, referred to in the foregoing excerpt, were retained in the 1939 statute (Ch. 485). Cases construing statutes relating to sales by ministerial officers without court proceedings are of little assistance in solving the questions here presented.

As far as we have been able to ascertain Oregon is the only state which grants to the former owner a

period in which to redeem property sold at foreclosure sale pursuant to court proceedings and which provides for the giving of notice of the expiration of the period of redemption.

The notice given by the sheriff as to the expiration of the period of redemption stated "that the period of redemption * * * will expire on the 25th day of June, 1945, and all persons are hereby warned that all properties ordered sold under said judgment and decree, unless sooner redeemed, will be deeded to Klamath County on June 25, 1945, and that every right or interest of any person in or to any or all of the properties mentioned in said judgment and decree will be forfeited to Klamath County, Oregon." Plaintiff argues that the statutory period of redemption expired on June 23, 1945, one year after the date of the entry of the judgment and decree (§ 110-911, *supra*), and that therefore the notice which was published by the sheriff should have specified June 23, 1945, as the expiration date. She claims that the published notice was untrue and misleading because, she asserts, no redemption could have been made after June 23, 1944.

We do not agree with plaintiff's contention that June 23, 1945, was the last date on which she had a right to redeem the property. By § 110-911, O. C. L. A., she was given a year after the entry of the judgment and decree in which to redeem. Section 110-916 specifies that the notice shall contain "warning to the effect that all the properties ordered sold under said judgment and decree, unless sooner redeemed, will be deeded to the county immediately on expiration of such period of redemption *and that every right or interest of any person in such properties will be for-*

*feited forever to the county."* (Italics supplied.) It is provided in § 110-917 that *"Any and all rights of redemption,* with respect to the real properties therein described, *shall terminate on the execution of such deed to the county."* (Italics supplied.) The foregoing quoted sentences should be liberally construed in favor of those having an interest in the property sold on foreclosure, and, if any doubt exists as to what the legislature intended by the language used, such doubt should be resolved in their favor. Applying that rule of construction we are of the opinion that plaintiff's right to redeem the property in question was not extinguished until the execution of the deed to the county.

■ The notice of the expiration of the period of redemption was published on the 11th and 18th of June, 1945, in a duly designated newspaper of general circulation in Klamath County. The date of the issue of the newspaper in which the notice was first published was not more than 20 days, and the date of the issue in which it was last published was not less than five days, prior to the expiration of the statutory one-year period of redemption, to wit, June 23, 1945. Nor was the date of the issue of the first published notice more than 20 days before the date on which the property was deeded to the county. The statute requires that this notice "shall be published in two weekly issues of a duly designated newspaper * * * within the period of 15 days as specified above". It does not require that the notice shall be published for two successive and consecutive weeks prior to the expiration of the period of redemption. The notice and the publication thereof complied with the provisions of § 110-916, *supra.*

Plaintiff's right to redeem could have been termin-

ated on June 23, 1945, by so stating in the published notice. The additional time allowed her by the notice in which to redeem did not and could not have misled plaintiff to her injury. Under the mandate of § 110-926, *supra,* "No proceedings subsequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax deed declared void or set aside for irregularities, omissions or defects except where the record owner of the land sold shall have been actually misled by such irregularities, omissions. or defects to his injury."

There is, in our opinion, no merit in plaintiff's contention that the deed from the sheriff to Klamath County is invalid. The court did not err in directing a verdict for the defendant. In view of the conclusion which we have reached it becomes unnecessary to pass upon the other assignments of error discussed in plaintiff's brief.

The judgment appealed from is affirmed.