Argued January 26, affirmed April 4, 1956

# OTTO & HARKSON REALTY CO. *v.* JOSEPHINE COUNTY ET AL

295 P. 2d 875

*Robert B. Duncan* argued the cause for appellant. On the brief were McAllister, Duncan & Brophy, Medford.

*W. W. Balderree* argued the cause for respondents. On the brief were Balderree & Calvert and Max L. McMillin, District Attorney for Josephine County, all of Grants Pass.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, LATOURETTE and PERRY, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a decree in favor of the defendants which the circuit court

entered after it had sustained a demurrer to the complaint and the plaintiff had declined to plead further. The defendants are Josephine County and the sheriff of that county. The demurrer presented charges that the complaint did not state a cause of suit and that the proceeding was not commenced within the time allowed by law.

The complaint, filed September 4, 1952, challenged the validity of a deed executed and delivered by the sheriff and tax collector of Josephine County September 20, 1942. The grantee of the deed was Josephine County. The deed had its origin in an omnibus tax foreclosure proceeding which Josephine County filed July 16, 1941, for the foreclosure of its 1941 foreclosure list of tax delinquent properties. Among the properties entered upon the foreclosure list, and which were described in the application for judgment and decree, was the parcel of real property which is the subject matter of this suit. September 20, 1941, a decree was entered in that proceeding which ordered the foreclosure of the tax liens against all of the properties described in the application for judgment and decree. September 20, 1942, the sheriff and tax collector of Josephine County executed and delivered a deed to Josephine County which described the property in question. That deed is the object of attack by this suit.

The following taken from the complaint states the basis of the plaintiff's challenge of the deed:

> "No proof of the publication of notice of the expiration of the period of redemption as required by Section 110-916, O.C.L.A. was attached to or made a part of said purported deed, and that no notice of the expiration of the period of redemption from said judgment and decree of foreclosure granted by Section 110-911 O.C.L.A. was in fact published

prior to the execution of the said purported tax deed, nor has any notice whatsoever of the expiration of the said period of redemption ever been published."

The complaint charged;

"The said purported deed executed and delivered by the sheriff and tax collector of Josephine County, Oregon to Josephine County, Oregon is void and of no force and effect, and the period of redemption from said judgment and decree of foreclosure has never been terminated for the following reasons: * * *."

At that point the complaint listed (1) failure to publish the notice required by § 110-916, OCLA, and (2) failure to attach to the deed proof of publication of the notice required by § 110-916 OCLA. The complaint alleged that August 26, 1952, the plaintiff tendered to the defendants the full amount of the unpaid taxes, interest and penalties. It also alleged that, concurrently with the tender, the plaintiff offered to redeem.

The trial judge, in sustaining the demurrer, prepared a memorandum opinion which displays thorough analysis and sound reasoning. Apart from two minor grammatical alterations which we are required to make in order to adapt it to our purposes, .we adopt the opinion as our own. It follows:

"This is a collateral attack upon a tax deed executed to the defendant county pursuant to a judicial foreclosure of a delinquent tax. Plaintiff seeks to remove an alleged cloud from title to his former real property which it is claimed results from a void tax deed and to give plaintiff the right to redeem said property from such tax sale.

"Plaintiff does not challenge the validity of the

judgment and decree of foreclosure which culminated in the alleged void deed.

"Plaintiff contends that the tax deed issued to the defendant county is null and void because of the fact, conceded by the defendants, that defendant county failed to comply with the provisions of Section 110-916, in the following particulars:

"(1) That the sheriff failed to publish the, or any, notice relative to the expiration of the redemption period;

"(2) That the sheriff failed to attach to the tax deed issued to the county the proof of the publication of such notice.

"The plaintiff contends that each of these requirements is prerequisite to the issuance of the tax deed and without which the sheriff had no jurisdiction to execute the deed to the county.

"The defendants admit that the above mentioned provisions were not complied with but contend that the same are not jurisdictional and that therefore the want thereof can not be challenged by a collateral attack and that plaintiff has not alleged, nor can it be shown, that plaintiff was actually mislead by such omission and irregularities or defects to plaintiff's injury for which reason Section 110-926 OCLA applies. This section is as follows:

"'No proceedings subsequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax declared void or set aside for irregularities, omissions or defects except when the record owner of the land sold shall have been actually mislead by such irregularities, omissions or defects to his injury.'

"Defendants further urge that because the aforesaid omissions are not jurisdictional plaintiff is barred

by the statute of limitations set forth in Section 110-920 OCLA which in part is as follows:

" ' * * * Every action, suit or proceeding, of whatever kind or nature, which may be commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes, or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within TWO YEARS from the date of the judgment and decree of foreclosure and sale to the county, and not otherwise.'

"Neither counsel has submitted any Oregon case disclosing that the identical legal question involved in this case has been determined by the Oregon Supreme Court. Many cases from other jurisdictions where summary foreclosures by administrative officers prevail have been cited but in the language of *Mallory v. Gruberman,* 185 Or. 82, 89, 202 P2d 281: 'cases construing statutes relating to sale by ministerial or administrative officers without court proceedings are of little assistance in solving the question here presented.'

"In this same decision the court said:

" ' 'As far as we have been able to ascertain Oregon is the only state which grants the former owner a period in which to redeem property sold at foreclosure sale pursuant to court proceedings and which provides for the giving of notice of the expiration of the period of redemption.'

"Counsel have not submitted any decisions from states having a similar provision applicable to tax lien foreclosures.

"In the case of *Cain v. Ehrler,* 36 SD 127, 133 NW 941, 943, cited by plaintiff, the court said:

" ' 'What would be mere irregularity under one statute might amount to a fatal defect under another; and as said in Bandow v. Wolven, 20 SD 445,

107 NW 204: "The question must be determined in each particular case with reference to the laws of the jurisdiction in which it arises."'

■ "The sale of the delinquent property in the instant case was not made by the sheriff by the exercise of purely administrative powers but the sale was made pursuant to a judgment and decree as a final culmination of judicial proceedings to which the delinquent taxpayer had been duly summoned.

"Under the Oregon law in force at the time of the sale in this suit the foreclosure was in conformance with court procedure which gives the taxpayer every constitutional right and requires due process of law before the taxpayer can be deprived of his property. In this case plaintiff has not challenged, upon any ground, the judgment and decree which as provided by Section 110-909 'shall be to all intents and purposes a certificate of sale to the county of the several properties described in the judgment and no other certificate need be issued. Any failure heretofore to issue a certificate of sale, as such, in any tax foreclosure proceeding shall not in any manner affect such proceeding.' A judgment under our judicial procedure is accorded a finality that does not follow the summary foreclosure where a ministerial officer is exercising purely administrative powers.

"The specially concurring opinion in *National Surety Corp. v. Smith*, 168 Or. 265, 315, 114 P2d 118, 123 P2d 203, 221, contrasts the summary procedure by administrative officers with our present judicial procedure and at page 332 of this report sounds a warning against judicial construction that might vitiate the procedure:

"'The purpose of the 1907 act was to bring about a new course of procedure. It was a new

beginning and presented a fresh approach to the problem of delinquent taxes. Under the old procedure the foreclosing officers commonly made a slip-up before the deed was delivered, and, since the delinquent owner was afforded no opportunity to manifest his objections, his suit for the nullification of the sale was usually successful. This was true even though the irregularity involved nothing but a few pennies. In that manner a maze of rules, often quite technical, were spun which in turn caused the title after tax sale to fail until finally tax deeds were regarded as nothing more important than scraps of paper. The decisions followed no pattern. The situation was indeed sui generis. Then came the 1907 act. The very purpose of new laws is often to get rid of old ideas, clarify the atmosphere and usher in a new procedure. The very heart of the new procedure is the suit for the foreclosure of the lien of delinquent taxes. If that feature of the procedure is faded out by judicial construction, nothing of consequence was accomplished through the 1907 act.'

■ ''The plaintiff complains because it had no notice of the date of the termination of the right to redeem. He makes this complaint notwithstanding that when he is summoned into court in a foreclosure proceeding the law, Section 110-904, requires, 'All persons owning or claiming to have, any interest in any property *are required to take notice of such proceedings and of any and all steps thereunder.* As a party defendant to the foreclosure suit, he is required to take notice that under the provisions of Section 110-911 OCLA he will have a period of redemption for one year from and after the date of the judgment and decree; plaintiff is charged with further notice that if the property is not redeemed within said one year period that the sheriff upon the expiration of said redemption period shall

*forthwith'* deed the property to the county and that such deed shall terminate such right of redemption.

"In the case of *Knapp v. Josephine County,* 192 Or. 327, 353, 235 P2d 564, the court, speaking of knowledge chargeable to a taxpayer, said:

"'Taxes as has been many times stated, are a very practical matter. They are the lifeblood of the state, and the property owner's most intimate liaison—though often a waspish one—with the state. In construing tax statutes, it must be borne in mind that the law of taxation places upon property owners the duty to keep themselves informed about the recurrent liability of their property for taxes, and charges them with knowledge that neglect to pay a tax will result in foreclosure proceedings.'

"Again in *National Surety Corp. v. Smith,* supra, the court said:

"'Every owner of real property is charged by the act with notice that his property is subject to taxation, that unpaid taxes become delinquent, and that the lien of delinquent taxes may be foreclosed in a proceeding in rem. *He owes a duty to the state to keep informed concerning proceedings filed against his property.'*

"As a duty and obligation imposed upon a taxpayer by the provisions of Section 110-904 hereinabove cited and as a corollary of the above decisions, when a judicial proceeding is instituted and the taxpayer is summoned therein he is charged with notice and it is his duty to advise himself of each and all of the proceedings of and under such foreclosure including the period of redemption.

"Commenting upon a statement to similar effect made in *Bandow v. Wolven,* 20 SD 445, 107 NW 204, the court in the case of *Cain v. Erhler,* supra, said:

"'Keeping in mind that it was the notice of the treasurer's tax sale the court had under considera-

tion, and not the notice of (redemption) expiration of the period of redemption, *this is a correct statement of the law, because the law itself fixes the time, place and manner of doing every act to be done by the taxing officers to charge real property with a lien for taxes, and the law itself is a continuous notice to the property owner of all these facts.'*

"Because the court in the case last cited did not apply the rule thus announced to knowledge of the period of redemption, counsel for plaintiff cites this case as authority that failure to give the statutory notice of redemption was a fatal jurisdictional defect. The court did so hold in that case but the law in that state must be distinguished from the requirements of the Oregon law. The statutory provision then prevailing in South Dakota as to notice of redemption was as follows: 'The right of redemption shall continue until the notice of redemption is given.'

"No such provision is found in the Oregon law and in Oregon we find that the statute definitely fixes the period of redemption as one year from and after the date of judgment and decree and requires the sheriff, forthwith, upon the expiration of said year period, to deed the property to the county and provides that such deed terminates the right of redemption. If such a provision had been found in the Cain case, supra, the court in that case would undoubtedly have followed the rule stated in the Bandow-Wolven case, namely that as the law fixes definitely the time for the doing of these things the law was in itself a continuous notice to the property owner of these facts.

"In considering these cases where the summary procedure prevails we must bear in mind that the notice of redemption under that procedure is analogous to process or summons. Such is a statement found in

the case of *Lind v. Stubblefield,* 138 Okl 280, 282 P 365, 366, and which case is cited in *Small v. Hull,* 96 Mont 525, 32 P2d 4, 7, cited by the plaintiff.

"In view of the fact that a taxpayer has a positive duty imposed upon him by statute, Section 110-904, to take notice of the foreclosure procedure and all steps thereunder and in view of the duty of a taxpayer as declared by many decisions it would appear that the requirement of a published notice by an administrative officer of the period of redemption, knowledge of which the taxpayer is bound to acquire, is not intended by the legislature to constitute a jurisdictional requirement.

██ "The right of redemption is not a constitutional right, nor is it essential as due process of law. There can be no dispute that redemption is a mere gratuity and may be granted or withheld by the legislature without infringing on any constitutional or other right of the taxpayer. See *Frederick v. Douglas County,* 176 Or. 54, 155 P2d 925. To hold that the right of redemption and notice thereof is a jurisdictional matter under the Oregon procedure would be tantamount to requiring that after a judicial proceeding under which the taxpayer has been given and accorded every notice, constitutional right culminating in an unimpeachable judgment and decree that thereafter the sheriff or tax collector must foreclose as is required in the summary proceedings prevailing in other states. There is certainly nothing to indicate that it was the intention of the legislature to require a dual foreclosure.

"The plaintiff should not be permitted to claim that failure to give him notice of the time of redemption has injured him in any way as the law by imposition upon him of the duty to keep advised of all the proceeding under the foreclosure proceeding im-

plies that he already has or ought to have such information.

■ ''The failure to attach the proof of notice to the deed has been disposed of contrary to plaintiff's contention. See *Knapp v. Josephine County,* supra.

■ ''The court is of the opinion that the omission to publish notice of the period of redemption is not jurisdictional; that the deed can not be impeached in a collateral proceeding and that by virtue of Sections 110-926 and 110-920 OCLA defendants' demurrer should be sustained.

''The court has not overlooked the case of *Mallory v. Gruberman,* supra, or the case of *Lane County v. Bristow,* 179 Or. 653, 173 P2d 954, and while in the latter case Judge Skipworth sustained the statute, the Supreme Court did not find it necessary to pass on that particular phase of the case. The result of the Lane County case is that the period of redemption expires only when the deed is executed.''

We have given careful attention to all of the authorities cited by the appellant. The annotation in 5 ALR2d 1021, which receives much attention in the appellant's brief, is not helpful because of its repeated failure to notice the difference between administrative foreclosure, which prevails in many states, and judicial foreclosure, which is employed in Oregon.

The decree of the circuit court is affirmed.