In re SOUTHERN OREGON MORTGAGE, INC., the Bay Company, Reo Holding Company, Inc., Gold Key Properties, Inc., Debtors.

Eric R.T. ROOST, Trustee, Plaintiff,

v.

DOUGLAS COUNTY, a political subdivision of the State of Oregon; and Anne E. Schroeder, tax collector of Douglas County, Defendants.

Bankruptcy Nos. 689–60581–R7, 689–60580–R7, 689–60579–R7 and 689–60578–R7. Adv. No. 91–6344–R.

United States Bankruptcy Court, D. Oregon.

July 28, 1992.

See also 125 B.R. 625.

Eric R.T. Roost, Roost & Daugirda, Eugene, Or., for plaintiff.

Paul E. Meyer, County Counsel, Roseburg, Or., for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

The plaintiff in this adversary proceeding is the trustee for Southern Oregon Mortgage, Inc. (SOMI) and Gold Key Properties, Inc. Defendants are Douglas County, Oregon and Anne. E. Schroeder, tax collector for Douglas County (tax collector). The complaint seeks an injunction to prevent the tax collector from executing a deed to Douglas County which would complete the tax foreclosure and transfer of certain real properties to Douglas County in satisfaction of delinquent real property taxes. The defendants have filed an answer containing counter-claims seeking a declaration of this court that the plaintiff and this bankruptcy estate have no interest in the real property in question and that, therefore, defendants should be granted, if necessary, relief from the automatic stay provided by 11 U.S.C. § 362.

The parties have submitted the case for trial on stipulated facts. The defendants had previously filed a motion for judgment on the pleadings and the plaintiff had filed a motion for summary judgment. The parties have agreed that their memoranda in support of and in opposition to those motions will be their trial briefs. The matter is now ripe for decision.

## STIPULATED FACTS

On February 27, 1992, the parties filed their stipulated facts herein. The facts, as stipulated to by the parties, are as follows:

1. Plaintiff is the duly qualified and acting trustee in the above-entitled bankruptcy cases.

2. At all material times, defendant, Douglas County, was a political subdivision of the State of Oregon.

3. This adversary proceeding is one arising in the debtor's Case No. 689–60581–R7 and Case No. 689–60578–R7, under Chapter 7, Title 11, now pending in this court. The court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 105 and 362.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. At all material times, defendant, Anne E. Schroeder, was the tax collector for Douglas County.

6. Southern Oregon Mortgage, Inc., of which plaintiff is the bankruptcy trustee, is the beneficiary of a deed of trust from David Winter, dated August 22, 1986, and recorded on August 26, 1986, Douglas County Records, as Recorder's No. 86–11039, securing a promissory note payable to Southern Oregon Mortgage, Inc., in the amount of $15,000.

7. Said deed of trust is on real property that is subject to real property taxes payable to Douglas County, as Tax Account No. 75350.00, and is described by taxing authorities as Tax Lot 3900, Township 30, Range 6, Section 24; the legal description is attached as Exhibit A to the Complaint. The real property taxes are delinquent since 1986.

8. Gold Key Properties is the legal owner of Lots 5 and 6, Block 3, Starburst Division, Douglas County, Oregon.

9. Said real properties are subject to Douglas County real property taxes, and have Tax Account Nos. 67825.00, and 67826.00 respectively; and are described as Parcel 800 and 900 respectively, of Township 28, Range 6, Section 21. Taxes are delinquent on both parcels since 1986.

10. Douglas County has instituted proceedings in Douglas County Circuit Court to foreclose the tax liens on the aforementioned real properties, in the Circuit Court Case No. L88–2866, *Douglas County, et al v. Abbett, et al.*

11. On December 21, 1988, a judgment and a decree was entered in said case foreclosing the subject properties, subject to rights of redemption. A copy of said de-

cree is attached as Exhibit B to the Complaint.

12. The two year right of redemption from the entry of the foreclosure decree has lapsed, and defendants intend to record a deed from defendant, Anne E. Schroeder, to defendant, Douglas County, pursuant to O.R.S. 312.200.

13. The bankruptcy estates will suffer great and irreparable injury and damage if the recording of the tax collector's deed to Douglas County is not enjoined.

14. There is no adequate remedy at law for protecting the interests of the estates.

In addition, this court notes, by taking judicial notice of the records and files herein, that this case was commenced, as an involuntary Chapter 7 bankruptcy case, by the filing of a petition on February 27, 1989, an Order for Relief having been entered herein on July 14, 1989.

## ISSUE

The issue presented in this case is whether or not the automatic stay provided for in 11 U.S.C. § 362(a) prevents the tax collector from giving her deed to Douglas County to complete the real property tax foreclosure of the real property described above.

The plaintiff argues that the automatic stay prevents the tax collector from executing and Douglas County from recording the deeds necessary to complete the tax foreclosure.

The defendants argue that since the two year statutory redemption period has lapsed, the properties are no longer property of the estate and there is nothing for this court or the automatic stay to preserve or protect. In other words, the execution and recordation of the deeds would not affect estate property.

## DISCUSSION

11 U.S.C. § 362(a), the statute providing for an automatic stay in bankruptcy, provides in pertinent part as follows:

... a petition filed under ... this Title, ... operates as a stay, applicable to all entities of— ...

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ...

Our discussion begins with a review of two important decisions in this district which have considered similar issues.

In *In re Petersen,* 42 B.R. 39 (Bankr. D.Or.1984), Judge Higdon (formerly Wilhardt), of this court, considered the effect of the automatic stay upon a statutory period of redemption following a foreclosure sale in a mortgage foreclosure context. In *Petersen,* Home Federal Savings and Loan Association (Home Federal) sought relief from the automatic stay in the debtor's Chapter 11 proceeding to, in essence, clear title to debtor's property which it had foreclosed. Debtor had three pre-petition mortgages with Home Federal. On October 7, 1982, Home Federal obtained decrees of foreclosure on all three of debtor's properties. On November 29, 1982, the sheriff, upon writs of execution, sold all three properties to Home Federal. On December 15, 1982, the Lane County Circuit Court entered an order, in each case, confirming the sales. Under Oregon Revised Statutes (O.R.S.) 23.560(1) the debtor had one year from November 29, 1982, the date of the sheriff's sale, to redeem the properties [1]. On February 1, 1983, the debtor filed his Chapter 11 petition. He never redeemed any of the properties as allowed in O.R.S. Chapter 23. After the redemption period ran, the sheriff issued its deed to Home Federal for each of the properties.

Judge Higdon agreed with Home Federal, that the automatic stay does not toll the running of the statutory period of redemption and granted Home Federal's motion for relief.

From the date of the sale the judgment debtor has only bare legal title to the

---

1. The period of redemption is now 180 days.

property sold. He must take further legal steps to reacquire full title. Section 362 stays only "acts" or "proceedings" of non-debtors. What the debtor needs to do to reacquire the property is irrelevant to this analysis. Under Oregon's redemption procedure it is clear the purchaser need only wait for the fullness of time to be blessed with fee title. 42 Bankr. at 40.

Judge Higdon also noted that, during the statutory period of redemption, the debtor does not have any right to possession of the property.

In *In re McCallen,* 49 B.R. 948 (Bankr. D.Or.1985), Judge Perris, of this court, addressed the question of whether or not the automatic stay tolled the running of the time allowed to redeem property subject to strict foreclosure of a land sale contract. There, the debtors and the creditors, Welches, had entered into a land sale contract by which the debtors agreed to buy some land from the Welches. When the debtors failed to make the annual payment due November 1, 1982, the creditors commenced strict foreclosure proceedings. On July 25, 1983, the state court entered a stipulated interlocutory decree of strict foreclosure. Under the terms of the decree, the debtors had until December 31, 1983 to redeem; if they did not do so, the Welches could apply for a final decree of strict foreclosure. On December 30, 1983, debtors filed their Chapter 11 bankruptcy petition. Thereafter, the creditors filed a motion for relief from the automatic stay to complete the strict foreclosure of the contract.

In deciding the issue, Judge Perris compared the nature of the debtors' interest during the redemption period in the context of strict foreclosure, with debtors' rights following a sheriff's sale in a mortgage foreclosure. She discussed at length, the opinion in *Petersen.* She denied the creditor's motion and held that the automatic stay of 11 U.S.C. § 362(a) tolled the redemption period provided in the interlocutory decree of strict foreclosure.

Following a sheriff's sale, a debtor whose interest is sold has a limited right of redemption which expires after the passage of time. A debtor whose interest is being foreclosed under the Oregon strict foreclosure procedure has a different interest during the Court established redemption period. The debtor retains equitable title and the right to possession. The debtor's right to the property is terminated only after the vendor obtains a final decree of strict foreclosure from the State Court. The State Court has the authority under appropriate circumstances not to enter the final decree or to set aside a final decree it has entered. In short, despite the entry of the interlocutory decree of strict foreclosure, a debtor retains under Oregon law a real property interest which cannot be terminated without affirmative action.

Section 362(a) prevents the vendor from taking the positive legal step required to completely foreclose the vendee's interest. 49 B.R. at 951.

Real property tax foreclosures are governed, in Oregon, by Oregon Revised Statutes, Chapter 312. The county institutes foreclosure proceedings, O.R.S. 312.050, and obtains a judgment and decree "... for the delinquent taxes and interest appearing to be due on the several parcels...." O.R.S. 312.090. The state court orders the property, against which the judgment and decree is entered, sold directly to the county for the amount of taxes and interest for which the property is liable. The certified copy of the judgment and decree constitutes the certificate of sale to the county. O.R.S. 312.100. From the date of the decree, there is a two year redemption period. O.R.S. 312.120. This section provides in pertinent part as follows:

(1) Except as provided in O.R.S. 312.122, all real properties sold to the county under O.R.S. 312.100, shall be held by the county for the period of two years from and after the date of the judgment and decree of foreclosure, unless sooner redeemed.

(2) During the two-year period any person having an interest in the property at the date of the judgment and decree of foreclosure ... may redeem the property

by payment of the full amount applicable to the property under the judgment and decree ...

During the redemption period, the former owner is entitled to possession of the property. O.R.S. 312.180. Finally, O.R.S. 312.-200 provides as follows:

> The properties not redeemed within the two-year period prescribed by O.R.S. 312.120 shall be deeded to the county by the tax collector. *All rights of redemption, with respect to the real properties therein described, shall terminate on the execution of the deed to the county.* No return or confirmation of the sale or deed to the county is required or necessary. (emphasis added)

It is this deed to Douglas County, as described in O.R.S. 312.200, which the plaintiff seeks to enjoin. Plaintiff maintains that the deed provided for in O.R.S. 312.200 is the affirmative act which 11 U.S.C. § 362(a) prevents.

Admittedly, O.R.S. Chapter 312 can be read as having conflicting provisions as to whether the right of redemption expires, merely by the passage of time, or whether it is the deed to the county that terminates the redemption period. In contrast, *See* O.R.S. 312.120(2) providing that: "During the two-year period any person having an interest in the property at the date of the judgment ... may redeem ...;" with O.R.S. 312.200; "All rights of redemption ... shall terminate on the execution of the deed to the county...."

Thus, it is not clear as to whether the Oregon Legislature intended that the redemption period expires after two years or continues until the execution of the sheriff's deed. In other words, what happens if there is some delay in the execution of the tax collector's deed?

At least in dicta, the Oregon Supreme Court has answered this question. In *Mallory v. Gruberman, et al,* 185 Or. 82, 202 P.2d 281 (1948), the Oregon Supreme Court, interpreting the predecessor to this statute held:

> [This statute] ... should be liberally construed in favor of those having an interest in the property sold on foreclosure,

and, if any doubt exists as to what the legislature intended by the language used, such doubt should be resolved in their favor. Applying that rule of construction we are of the opinion that plaintiff's right to redeem the property in question was not extinguished until the execution of the deed to the county. 185 Or. at 91. (parenthesis added)

Other Oregon cases are apparently in accord. *See Bursell v. Brusco,* 203 Or. 37, 275 P.2d 873 (1954); *Otto & Harkson Realty Co. v. Josephine County,* 207 Or. 199, 295 P.2d 875 (1956); *Fenter v. General Accident Fire and Life Assurance Corp.,* 258 Or. 545, 484 P.2d 310 (1971).

Douglas County contends that the deed referred to in O.R.S. 312.200 is analogous to the conveyance provided from the sheriff in mortgage foreclosure cases, hence, the rationale of *Petersen* should control.

This court disagrees, the pertinent portions of the mortgage foreclosure statutes are set forth below:

O.R.S. 23.560(1) in part, provides:

> The mortgagor or judgment debtor whose right and title were sold, ... may, at any time within 180 days after the date of sale, redeem the property; ...

O.R.S. 23.600 in part, provides:

> If redemption is not made as prescribed in O.R.S. 23.520 to 23.590 ... the purchaser ... *shall be entitled to a conveyance from the sheriff. If the judgment debtor redeems at any time before the time for redemption expires, the effect of the sale shall terminate* and the judgment debtor shall be restored to the estate of the judgment debtor. (emphasis added)

It appears clear, as Judge Higdon concluded in *Petersen, supra,* that the period of redemption expires merely by the passage of time. After the time has expired, redemption would not be possible, even if the purchaser had not yet obtained the conveyance from the sheriff, since the statute merely provides that the purchaser is entitled to such a conveyance, presumably to quiet title. There is no language in the mortgage foreclosure statutes providing

**574**

that the right of redemption expires upon such conveyance similar to the language found in O.R.S. 312.200. The period of redemption involved in this case more closely resembles the facts presented to the court in *In re McCallen, supra,* since here, the debtors retain, under Oregon law a real property interest which cannot be terminated without affirmative action, the execution of the tax collector's deed to Douglas County.

Accordingly, the automatic stay provided in 11 U.S.C. § 362(a) prohibits Douglas County and the tax collector from taking an affirmative act to obtain possession of property of the estate or the enforcement against property of the estate of a judgment obtained before the bankruptcy, by executing and recording the tax collector's deed to Douglas County. Thus, the bankruptcy estate retains an interest in the properties in question as the right of redemption does not expire until the execution of the deed.

### CONCLUSION

Due to the foregoing, this court concludes that plaintiff is entitled to the relief sought in his complaint, enjoining defendants from executing and recording the deed from the tax collector to Douglas County and that plaintiff is entitled to a judgment for his costs and disbursements incurred herein.

Nothing contained in this opinion, or in any judgment or decree entered as a result, hereof, however, should prevent Douglas County from filing a motion for relief from stay if it so desires.

This opinion shall constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052; they shall not be separately stated.