**BANK OF the COMMONWEALTH, a Michigan banking corporation, Appellant,**

v.

**Harold R. BEVAN and Herbert Keidan, as Trustee, In Re: Bankruptcy No. 79–04350–H, Appellee.**

Civ. A. No. 80–71535.

United States District Court, E. D. Michigan, S. D.

Feb. 9, 1981.

**990**

Donald Cadotte, Detroit, Mich., for appellant.

Rae Lee Chabot, Birmingham, Mich., for appellee.

## OPINION

GUY, District Judge.

This case comes before the court on appeal from an Order enforcing an automatic stay of proceedings under 11 U.S.C. § 362 entered by the bankruptcy judge on March 4, 1980. The order indefinitely extended a statutory redemption period that began to run following a foreclosure sale of the residential property of the debtor, the defendant named in this action. Plaintiff, as mortgagee and purchaser at the foreclosure sale, has filed a motion for summary judgment[1] alleging that the bankruptcy court erred in finding that the debtor's remaining interest in the residential property involved in this suit was "property of the estate" as defined in 11 U.S.C. § 541, and that the court wrongly stayed the statutory redemption period pursuant to 11 U.S.C. § 362(a).

The facts presented in this case show that the debtor gave a second mortgage on his home in West Bloomfield, Michigan, as security for a corporate loan. The residential property was held by the defendant and his wife as tenants by the entireties. The defendant defaulted on the terms of the second mortgage and the plaintiff as the mortgagee on the second mortgage commenced foreclosure proceedings. A foreclosure sale occurred on December 18, 1979, at which time a Sheriff's Deed on Mortgage Sale was issued to the second mortgagee as purchaser. The deed was recorded with the Oakland County Register of Deeds at 11:33 A.M. on the day of sale, December 18, 1979. Later that same day, at 3:24 P.M., the defendant filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.[2] The bankruptcy court's order of March 4, 1980, stayed the expiration of the statutory period of redemption which would have ended on June 18, 1980.

■ Before the court can address the issue of the stay under 11 U.S.C. § 362(a), the court must first determine whether the debtor's remaining interest in the residential property involved in this suit is "property of the estate" and thereby allegedly subject to the automatic stay provisions of the Bankruptcy Code. In Michigan, the debtor's interest in real property subsequent to a foreclosure sale includes a right of redemption which allows the debtor a statutorily prescribed period of time to "redeem" the property from the purchaser at the sale.[3] M.C.L.A. § 600.3101 *et seq*; M.C.L.A. § 600.3201 *et seq*. While the nature and extent of the debtor's interest in real property is determined by application of state law, the Bankruptcy Code defines those interests in property which become

---

1. Whether a motion for summary judgment is the appropriate procedure for review of the bankruptcy judge's order is immaterial to the determination of the issues on appeal to the district court. The ultimate resolution of those issues is the same whether accomplished by summary judgment or an alternative procedure.

2. The court is careful to distinguish between the old Bankruptcy *Act* and the new Bankruptcy *Code*, which went into effect October 1,

1979. This case involves application of the Bankruptcy *Code*.

3. In addition to the right to redeem granted by statute, the mortgagor retains legal title in the premises up until the expiration of the period allowed for redemption. *Bankers Trust Company of Detroit v. Rose*, 322 Mich. 256, 33 N.W.2d 783 (1948).

"property of the estate" and hence within the jurisdiction of the bankruptcy court. 4 *Collier on Bankruptcy* ¶ 541.07[1] (15th ed. 1980). Section 541 of the Bankruptcy Code defines "property of the estate" as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Accordingly, the statutory right of redemption created under state law generally passes into the estate of the debtor if the period of redemption has not expired at the time the petition is filed. 4 *Collier on Bankruptcy,* ¶ 541.07[3] (15th ed. 1980). As the statutory right of redemption had begun only a few hours prior to the defendant's filing of a Chapter 11 petition, the right to redeem became property of the estate by operation of § 541 as of the time of filing.[4]

Having determined that the right of redemption became property of the estate, the issue directly before the court concerns the bankruptcy judge's order which indefinitely stayed the expiration of the statutory redemption period by operation of § 362(a). Upon the filing of a petition in bankruptcy, an automatic stay takes effect which precludes certain actions against the debtor or property of his estate. 11 U.S.C. § 362(a). Section 362(a) of Title 11 provides in pertinent part:[5]

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

As the legislative history of § 362(a) indicates:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

---

4. The plaintiff also raises the issue of whether property held by the debtor and his wife as tenants by the entireties becomes property of the estate when only the husband files a petition. Under the Bankruptcy Code, the debtor's interest in property becomes part of the estate. 4 *Collier on Bankruptcy,* ¶ 541.07[8] (15th ed. 1980); *Leonard v. Walter,* 1 C.B.C.2d 460, 2 B.R. 600 (Bkrtcy.W.D.Mich.1980).

5. The bankruptcy judge did not articulate in his order which subsection of § 362(a) he deemed applicable to stay the running of the redemption period. However, this court's holding that § 362(a) does not toll time periods makes the determination as to the subsection employed in this case immaterial.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rept.No.95–595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6296. Section 362(a) codifies in one section those provisions of the previous bankruptcy rules dealing with the stay of actions and enforcement of liens. *See,* Bankruptcy Rules 401, 601, 8–501, 9–4, 10–601, 11–44, 12–43, 13–401. The scope of protection afforded by the stay is extremely broad. *Matter of R. S. Pinellas Motel Partnership,* 2 B.R. 113 (M.D.Fla.1979).

Defendant in this action asks the court to affirm that § 362(a) automatically tolls the running of the statutory redemption period upon the filing of a bankruptcy petition. This would in effect grant the trustee an indefinite period of time to redeem the property.[6] While the language of § 362(a) fails to explicitly address the running of time periods, other provisions of the Bankruptcy Code speak directly to the issue.

Section 11(e)[7] of the old Bankruptcy Act gave the trustee a minimum of sixty days to redeem property of the debtor.[8] If the statutory redemption period exceeded the minimum amount of time established by the Bankruptcy Act, the trustee had until the later date to redeem the property. The extension of time provision found in § 11(e) of the Bankruptcy Act finds an identical counterpart in § 108 of the new Bankruptcy Code:

(a) If applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

---

**6.** *See* 11 U.S.C. §§ 362(c) and (d) for provisions controlling the expiration of the stay.

**7.** Section 11e [11 U.S.C. § 29(e)] states:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement or in the proceeding or by applicable Federal or State law as the case may be.

**8.** In discussing whether the filing of a bankruptcy petition under the Bankruptcy *Act* extended a redemption period expiring shortly thereafter until the trustee has had an opportunity to act, *Collier* notes:

Under the terms of § 11e [of the Bankruptcy Act], the trustee has 60 days after the date of adjudication in which to exercise any right or privilege, or take any action permitted to the bankrupt in any proceeding or under any agreement or applicable federal or state law. If the time permitted in the agreement or proceeding, or by federal or state law, is longer than the period thus created, the trustee may act within the longer period. This would appear to remove the difficulty and alter the rule in cases where the redemption period expired shortly after bankruptcy and before the trustee was appointed or had an opportunity to act. But this would apply only in cases where it was the bankrupt's right or equity that survived the filing date. (Citations omitted).

4A *Collier on Bankruptcy,* ¶ 70.16[3] (14th ed. 1978).

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

(c) Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.

Section 108(b), as it effects the amount of time given the trustee to file "any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act," grants the trustee a minimum of sixty days or the running of the period, whichever is longer, in which to act.

Under the language of § 362(a), an automatic stay applies to "acts," "proceedings" and their "continuation," and "enforcement" of judgments against the debtor or property of the estate, and does not effect the running of specific time periods unlike § 108 which speaks explicitly to that issue.[9] As stated in the legislative history of § 108:

Subsections (a) and (b), derived from Bankruptcy Act section 11, permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights. Subsection (a) extends any statute of limitation for commencing or continuing an action by the debtor for two years after the date of the order for relief, unless it would expire later. Subsection (b) gives the trustee 60 days to take other actions not covered under subsection (a), such as filing a pleading demand, notice, or proof of claim or loss (such as an insurance claim), unless the period for doing the relevant act expires later than 60 days after the date of the order for relief.

Subsection (c) extends the statute of limitations for creditors. Thus, if a credi-

---

9. *Collier* notes in describing the scope of a stay under § 362(a) that:

The stay of section 362 is extremely broad in scope and aside from the limited exceptions of subsection (b) should apply to almost any type of formal or informal action against the debtor or the property of the estate. It should be observed that one of the benefits of the stay is creditor protection in a manner consistent with the promotion of the bankruptcy goal of equality of distribution. Sub-

section (a) simply provides for an automatic stay, applicable to all entities, of a wide variety of actions listed in subsections (a)(1) through (a)(8). While the language is from time to time duplicative little is omitted. In each instance section 362(b) should be consulted to ascertain whether there is an applicable exception.

2 *Collier on Bankruptcy*, ¶ 362.04 (15th ed. 1980).

994

tor is stayed from commencing or continuing an action against the debtor because of the bankruptcy case, then the creditor is permitted an additional 30 days after notice of the event by which the stay is terminated, whether that event be relief from the automatic stay under proposed 11 U.S.C. 362 or 1301, the closing of the bankruptcy case (which terminates the stay), or the exception from discharge of the debts on which the creditor claims.

H.R.Rept.No.95–595, 9th Cong., 1st Sess. 318 (1977), U.S.Code Cong. & Admin.News 1978, p. 6275.

■ A stay which results in additional time for the trustee to redeem the debtor's property would fit within the policy considerations of § 362(a) affording the debtor broad protection from the activities of others who seek to assert claims against the debtor or diminish the amount of property in the estate. However, § 108(b) also offers the debtor sufficient protection by giving the trustee a minimum amount of time in which to act. While a stay tolling the running of the statutory period would give the debtor greater protection than that contemplated by § 108, this court finds that where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict. *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1961).

■ A joint reading of § 108 and § 362(a) leads this court to conclude that the automatic stay provisions of § 362(a) do not override the extension of time provisions in § 108 controlling the period of time a trustee has to redeem the debtor's property. An interpretation of § 362(a) as an indefinite stay of the statutory period of redemption would render § 108(b) superfluous. If § 362(a) automatically stays the running of

the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are completely extraneous as statutory time periods designed to control the trustee's activity. Moreover, if § 362(a) is interpreted to provide for the automatic stay of time periods for an indefinite amount of time, then subsections (a) and (b) of § 108, which define minimum and maximum time periods for the trustee to act, directly conflict with § 362(a). For rules of statutory construction, *see generally, Jacobson v. Rose*, 592 F.2d 515, 520 (9th Cir.), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1978); *Stamps v. Mich. Teamster's Joint Council*, 431 F.Supp. 745 (E.D.Mich.1977).

While this court concludes that § 362(a) does not automatically stay a statutory redemption period, the court is not unmindful of the case of *Hudson v. Genessee Merchants Bank & Trust (In re Hudson)*, 17 C.B.C. 255 (E.D.Mich.1978), where the court found that the automatic stay of Rule 13–401 operated to prevent the expiration of the statutory period of redemption following a foreclosure sale. The court in *Hudson* relied on the earlier case of *Moore v. Mortgage Associates, Inc. (In re Moore)*, 2 Bankr.Ct. Dec. 943 (W.D.Mich.1976), where the court stayed a foreclosure sale following the debtor's filing of a wage earner plan confirmed by the court prior to the date of the advertised sale. However, the *Hudson* court failed to distinguish the situation where a foreclosure sale had already taken place prior to the debtor's filing a bankruptcy petition and where, as in *Moore*, the sale had merely been scheduled but had not occurred prior to filing. Section 362(a) would operate to stay a foreclosure sale, *In re Sulzer*, 2 B.R. 630 Bankr.L.Rep. (CCH) ¶ 67,340 (Bkrtcy.S.D.N.Y.1980), but does not operate to effect the redemption period which runs subsequent to the sale.[10]

10. Although the argument is made that § 362(a) stays the running of time periods, the opposite view is espoused by well known bankruptcy expert Frank R. Kennedy and avoids a strained construction of § 362(a):

[In] *Hudson v. Genessee Mchts. Bank & Trust Co.*, (In re Hudson), 17 Collier Bankr.

■ Although the bankruptcy judge improperly referenced § 362(a) in enforcing a stay against the running of the statutory right of redemption, he did have the power to toll the running of the time period under 11 U.S.C. § 105 as hereinafter explained.[11]

Section 105 provides in pertinent part:

(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

(b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title.[12]

While the court is unaware of any case law under § 105 of the Bankruptcy *Code* in which a bankruptcy court stayed the running of a statutory redemption period, two cases under the Bankruptcy *Act* focus on the bankruptcy court's power to stay or toll the running of time periods, including redemption periods.

In *Hamblen v. Federal Savings & Loan Ins. Co. (In re Grosso Investment, Inc.),* 457 F.2d 168 (9th Cir. 1972), the Ninth Circuit found that the bankruptcy court could stay the running of the Arizona redemption period in relation to mortgaged property that was sold at a foreclosure sale prior to approval of a Chapter X petition. The court based its decision on § 2a(15) of the Bankruptcy Act [predecessor statute of § 105 of the Bankruptcy Code], or alternatively under § 116(4) and § 148 of the Bankruptcy Act.[13] It is interesting to note that the court's decision in *Grosso* predated the en-

---

Cas. 255 (Ref.E.D.Mich.1978), ... the court ruled that the automatic stay of Rule 13–401 operated to prevent the imminent expiration of the period allowed for redemption of property from foreclosure of a mortgage. The ruling is a questionable construction of the rule, which does not operate against the running of periods of limitation, and arguably the ruling would be no more justifiable as a construction of § 362. The trustee or debtor might argue, however, that the stay prescribed by § 362(a)(3) operates to prevent the purchaser at the foreclosure sale from "any act to obtain possession of ... property from the estate."
Kennedy, *Automatic Stays Under the New Bankruptcy Law,* 12 U.Mich.J.L.Ref. 1, 16 n.56 (1978).

11. As noted in *Collier*:
Section 362 does not attempt to state the jurisdiction of the bankruptcy court with respect to stays and injunctive relief or to determine the boundaries of the exercise of the court's injunctive power. Section 105 which is the successor to Section 2a(15), gives the court the power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." In addition to the very broad grant of jurisdiction in 28 U.S.C. § 1471, under section 1471(e) it is provided in particular that "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case." In addition, bankruptcy courts have available the All Writs Statute and are given the powers of a court of law, equity and admiralty. Note, however, that under 28

U.S.C. § 1481 the injunctive power of the bankruptcy court is limited in one respect by the provision that a bankruptcy court may not enjoin another court but may enjoin the parties from proceeding. Finally, the stay power and the automatic stay will not be limited by any concept of sovereign immunity.
2 *Collier on Bankruptcy,* ¶ 362.02 (15th ed. 1980). (Footnotes omitted).

12. *See also,* 28 U.S.C. § 1481. Powers of bankruptcy court
A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court of warranting a punishment of imprisonment.
*See generally,* 2 *Collier on Bankruptcy,* ¶ 105.01 (15th ed. 1980).

13. Sec. 116. Upon the approval of a petition, the judge, may, in addition to the jurisdiction, powers, and duties hereinabove and elsewhere in this chapter conferred and imposed upon him and the court—
    . . . .
    (4) in addition to the relief provided by section 11 of this Act, enjoin or stay until final decree the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor.
Sec. 148. Until otherwise ordered by the judge, an order approving a petition shall operate as a stay of a prior pending bankruptcy, mortgage foreclosure, or equity receivership proceeding, and of any act or other proceeding to enforce a lien against the debtor's property.

actment of the Bankruptcy Rules which instituted automatic stays in Chapter X cases. The *Grosso* court ruled that the bankruptcy court had the power to issue a restraining order tolling the running of the redemption period subsequent to a foreclosure sale.[14]

Under the authority of *Grosso*, the bankruptcy court in *In re Mary Lou Holloway Banks*, 1 Bankr.Ct. Dec. 1145 (S.D.Cal.1975), issued a temporary restraining order tolling the running of a ninety day loan reinstatement period during the pendency of a Chapter XII proceeding. The court found as a matter of law that it had the power to protect property rights of the debtor in reinstating a loan by issuing a stay order.

These two cases would appear to recognize the power of the bankruptcy court to issue a restraining order tolling the statutory redemption period. While the court earlier in its opinion determined that an automatic stay by operation of § 362(a) did not override the applicable time periods established by § 108(b), the court finds that a bankruptcy judge may choose in appropriate situations to grant the trustee a greater period of time in which to act than § 108 initially authorizes. Pursuant to the broad power of the bankruptcy court to "issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," a bankruptcy judge may issue a stay order tolling the period of redemption. Although the bankruptcy judge in the case *sub judice* referenced § 362(a), his order staying the running of the statutory redemption period was within his discretionary powers and should be construed to be effective pursuant to the broad powers granted by § 105.[15] Plaintiff is, of course, at liberty to petition the bankruptcy judge at any time to exercise his discretion and remove the stay and terminate the redemption period.

Accordingly, the bankruptcy judge's order is affirmed and plaintiff's motion for summary judgment is denied.

14. The *Grosso* court's decision based on § 116(4) and § 143 as applicable provisions in a Chapter X proceeding or alternatively § 2a(15) of the Bankruptcy Act addresses the power of the bankruptcy court to stay the running of the statutory right of redemption. This is a different question than that posed by an automatic stay under § 362 of the Bankruptcy Code or the prior Bankruptcy Rules. As noted in its opinion, the *Grosso* court distinguished between the need of a grace period provided by § 11e in straight liquidation as opposed to an applicable stay order pursuant to § 116 or § 148 in a Chapter X reorganization. While the court found § 11e "inconsistent" with the provisions for court ordered stays in Chapter X proceedings, the court called attention to its power to protect the property of the debtor and distinguished the use and need for that power in reorganization proceedings as opposed to straight liquidation cases. *Grosso, supra*, at 173 n.11.

Under the Bankruptcy Code, section 362 incorporates stays that had previously been scattered throughout the Bankruptcy Act and Rules. Being in the nature of an *automatic stay* applicable to all filings under the various chapters, section 362 applies to straight liquidation as well as reorganization cases. This court therefore reads the *Grosso* decision as authority for the bankruptcy court in the exercise of its discretion to issue a restraining order as a court of equity which might result in a greater period of time for redemption by the trustee than anticipated by § 108. The *Grosso* decision is not interpreted by the court to stand for the proposition that an *automatic* stay pursuant to § 362 could increase the time periods contemplated by § 108.

15. Prior to issuing its opinion, the court became aware of the recent decision in *Moratzka v. Lanesboro State Bank (In re Johnson)*, 8 B.R. 369, 371 (Bkrtcy.D.Minn. 1981). This court would agree with Judge Dim in *Johnson* that § 362(a)(3) might be read to preclude the purchaser at the foreclosure sale from "any act to obtain possession of . . . property from the estate." *See* footnote 10, *supra*. The court also notes that the result reached in the case *sub judice* is identical to that reached by Judge Dim; the statutory time period alloted to the debtor to redeem property from a foreclosure sale is ultimately extended.