In re Warren R. RUTTERBUSH, Debtor.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF OAKLAND, Plaintiff,

v.

Warren R. RUTTERBUSH, and William Wumkes, Chapter 13 Trustee, Defendants.

Bankruptcy No. 81–40270.

United States District Court, E.D. Michigan, S.D., Flint.

Sept. 24, 1982.

Ivan M. Forbes, Pontiac, Mich., for First Federal Sav. and Loan Ass'n.

Warren R. Rutterbush, in pro. per.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

I   FACTS

This is an appeal from a December 16, 1981 order of Bankruptcy Judge Harold H. Bobier. That order denied appellant First Federal Savings & Loan Association's request to vacate an automatic stay entered on July 22, 1981 by Judge Bobier.

The Court notes the following facts: On January 25, 1978, debtor appellee Warren R. Rutterbush entered into a mortgage contract with appellant. After appellee fell twelve (12) months behind on his mortgage payments, appellant initiated foreclosure by advertisement pursuant to M.C.L.A. § 600.-3101 et seq.

Appellant purchased the property secured by the mortgage at a January 23, 1981 public auction. Pursuant to M.C.L.A. § 600.3101 et seq., appellee's interest in the property following foreclosure included the right of redemption for six months following the purchase at the public auction. On July 22, 1981, approximately twenty-four hours before the expiration of the redemption period, the debtor appellee filed a Chapter 13 repayment plan.

On December 16, 1981, Judge Bobier denied appellant's motion to vacate the automatic stay entered on July 22, 1981. Furthermore, the Bankruptcy Court ordered that the redemption period be tolled for thirty months thereafter allowing appellee to make monthly payments equal to his monthly mortgage payments plus arrearage payments. It thus can be seen that the Bankruptcy Court effectively reinstated the January 25, 1978 mortgage and thus tolled appellant's state statutory right of redemption for thirty months.

The Court has before it the record from the Bankruptcy Court. Included therein is the transcript of the November 25, 1981 hearing in which the Bankruptcy Court articulated the rationale behind its ruling. Having reviewed the transcript, the Court finds that the December 16, 1981 order was based on the following two provisions of the Bankruptcy Code: 11 U.S.C. § 105 and 11 U.S.C. § 1322(b)(5). The question is whether either of these provisions can support the Bankruptcy Court's ruling.

## II LEGAL ANALYSIS

### A. 11 U.S.C. § 105 Issue

■ The Court will first consider the Bankruptcy Court's employment of 11 U.S.C. § 105 as a basis for the thirty-month stay and reinstatement of the debtor's mortgage. Section 105 provides that: "the Bankruptcy Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the title."

In the instant case, there is no need for an exhaustive analysis or precise determination of the range of power that section 105 confers on the Bankruptcy Court. Instead, the Court finds that the section 105 is overruled with respect to this case by 11 U.S.C. § 108(b). Section 108(b) provides in pertinent part that

> if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act,

and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

> (2) 60 days after the order for relief.

In spite of the presence of section 108(b), the Bankruptcy Court tolled the debtor's right of redemption for thirty (30) months after the filing of the debtor's Bankruptcy petition. The key source of support for the Bankruptcy Court's decision is Judge Guy's opinion in *Bank of Commonwealth v. Bevan,* 7 B.C.D. 557, 13 B.R. 989 (D.C.E.D. Mich.1981). *Bevan* (attached to appellant's brief at docket entry # 5) is notable in that Judge Guy held that section 105 authorizes the Bankruptcy Court to override the time limitations set out in § 108(b) and thus toll a redemption period. *See Bevan* at p. 12.

This Court is compelled to disagree with Judge Guy. Section 108(b) is a clear Congressional command that the rights of a redemption purchaser can be stayed for no longer than sixty (60) days. It is a basic Constitutional Article III premise that Congress can regulate the range of judicial review provided that Congress acts within the bounds of the Constitution. Nobody would seriously contend that it is unconstitutional for Congress to limit the tolling period with respect to redemption purchasers to a mere sixty days. Accordingly, section 108(b) must be given effect.

In this respect, it is noted that a number of Bankruptcy judges have held in recent cases that section 108(b) is not nullified by section 105. *See e.g., In Re James,* # 81–04754–G, (Bkrtcy.E.D.Mich.) (opinion of Judge Graves (1981), attached to docket entry # 10 of the record); *In re Headly,* 13 B.R. 295 (Bkrtcy.Colo.1981); *In Re Jenkins,* 13 B.R. 721 (Bkrtcy.Colo.1981). These decisions rest on the basic premise that the specificity of section 108(b) overrules the general grant of equitable power in section 105.

This Court agrees with these opinions. Hence, the Court finds that section 105 was not an adequate basis for the thirty-month extension of the redemption period and reinstatement of the mortgage.

**B. 11 U.S.C. § 1322(b)(5) Issue**

 An alternative ground for the Bankruptcy Court's Order was 11 U.S.C. § 1322(b)(5). This statute provides in pertinent part that the debtor's reorganization plan may provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on *which the last payment is due after the date on which the final payment under the plan is due.* (emphasis added).

In applying this statute to the instant case, it must be noted that the statute refers to secured claims where the last payment is due *after* the date on which the final reorganization plan payment is due. In the instant case, it is conceded that appellee's mortgage debt was accelerated and due by the end of the redemption period at the very latest. Therefore, the letter of section 1322(b)(5) would not seem to cover the accelerated mortgage debt of appellee.

Furthermore, it is noted that numerous courts, confronted with the precise issue at bar, have held that an accelerated mortgage debt is not within section 1322(b)(5). *See e.g., In Re LaPaglia,* 8 B.R. 937 (Bkrtcy.E. D.N.Y.); *In Re Butchman,* 4 B.R. 379, 381 (Bkrtcy.S.D.N.Y.1980); *In Re Robertson,* 4 B.R. 213, 216 (D.C.Colo.1980); *Bronx-Westchester Mack Corporation,* 4 B.R. 730 (Bkrtcy.S.D.N.Y.1980).

This Court will adhere to the statutory analysis and judicial precedents cited above. Accordingly, the Court rejects 11 U.S.C. § 1322(b)(5) as a basis for the Bankruptcy Court Order which reinstated the default mortgage and allowed the thirty-month redemption stay.

**III CONCLUSION AND ORDER**

The Court finds that the Bankruptcy Court erred in ordering the reinstatement of the mortgage in its Chapter 13 repayment plan and thus staying the redemption period for thirty months. In light of 11 U.S.C. § 108(b), the Bankruptcy Court lacked the power to order such a stay. Indeed, under section 108(b), the maximum stay of the redemption shall have been sixty (60) days after the July 22, 1981 automatic stay order. Accordingly, this Court hereby vacates the said stay and remands the case to the Bankruptcy Court for proceedings consistent with this Opinion.

IT IS SO ORDERED.