**In the Matter of Robert A. MARKEE and Nita F. Markee, Debtors.**

**Robert G. CRAMER and Eunice A. Cramer, husband and wife, John E. Cramer, and Albert W. Cramer, Plaintiffs,**

**v.**

**Robert A. MARKEE and Nita F. Markee, husband and wife, Defendants.**

**Bankruptcy No. 83–00363.**
**Adv. No. 83–0363.**

United States Bankruptcy Court, D. Idaho.

July 8, 1983.

Jonathan W. Cottrell, Sandpoint, Idaho, for plaintiffs.

John Ford Elsaesser, Grudem, Verby & Elsaesser, Sandpoint, Idaho, for defendants.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

Plaintiffs are the mortgagees of certain real property previously owned by defend-ants who are presently debtors in possession under chapter 11 of the Bankruptcy Code. Following default upon the underlying obli-gation owed plaintiffs, the Cramers fore-closed their mortgage under Idaho law. On February 26, 1982, plaintiffs recovered a judgment and decree of mortgage foreclo-sure in state court. On March 24, 1982, the property subject to the mortgage was sold by the county sheriff pursuant to the de-cree, at which sale plaintiffs purchased the property for the outstanding amount of their debt. The statutory one-year period of redemption, I.C. 11–402, would have ex-pired on March 24, 1983; however, on March 2, 1983, defendants filed their peti-tion for relief under chapter 11. The effect of that filing upon the redemption period is the sole issue presented in this litigation.

On April 25, 1983, defendants moved the Court, in the chapter 11 proceeding, for an extension of time in which to redeem the subject property. Defendants request an extension to September 24, 1983, i.e., an additional six months from the originally scheduled expiration of the period of re-demption.

On May 9, 1983, plaintiffs filed the in-stant adversary proceeding seeking a deter-mination that the real property was not property of the estate at filing or, if it was at filing, was no longer; that if necessary the § 362 stay be terminated in order that the foreclosure process be completed; and that possession be granted plaintiffs. Plaintiffs thereafter moved for summary judgment. The matter is presently before the Court on both the motion of the debtors in possession for an extension of the re-demption period and the plaintiffs' motion for summary judgment in the adversary proceeding.

A large number of Bankruptcy Courts and District Courts have considered issues similar to that presented herein. Addition-ally, one of the members of the Governing Board of the Bankruptcy Section of the Idaho State Bar has written on the subject.[1]

1. Richard Wayne Sweney, "Section 108 and The Tolling of Time", Idaho State Bar, Bank-ruptcy Section Newsletter, Vol. II, Nos. 1, 2 and 3 (Jan., Mar. and April, 1983).

Counsel have submitted extensive legal briefs. After review of this authority, I have reached the following conclusions.

■ Under § 541(a) of the Code, defendants' right of redemption, which had not yet expired as of the date of the commencement of the case under Title 11, became property of the estate. However, that right was not expanded or enhanced by the fact of bankruptcy. The estate obtained only the interest of the defendants as mortgagors under Idaho law following foreclosure and sale. That right is limited solely to the ability to redeem within the statutory period; title passes to the buyer at the foreclosure sale subject only to this conditional interest. *Northwestern & Pacific Hypotheekbank v. Nord,* 56 Idaho 86, 50 P.2d 4 (1935).

■ The trustee's, and thus the debtor in possession's, right to redeem is limited by § 108(b) of the Code, which provides:

"Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee only may file, cure, or perform, as the case may be, before the later of—
　(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
　(2) 60 days after the order for relief."

The debtor in possession in a chapter 11 proceeding, therefore, has at the least 60 days after the filing of the petition for relief in which to redeem the property by compliance with state law. *In re Santa Fe Development and Mortgage Corp.,* 16 B.R. 165, 168, 5 C.B.C.2d 1186, 8 B.C.D. 692 (9th Bkrtcy.App.Pan.1981).

■ I conclude § 362 of the Code is not involved in the instant situation. That section enjoins acts taken by creditors; it does not concern the tolling of time. Section 108 is specifically addressed to limitations of time and the trustee's right to perform in regard thereto. Its operation controls. Section 362 does not, either by its terms or when read in conjunction with the more specific § 108(b), "stay" the running of the statutory redemption period.

Defendants moved, prior to the expiration of the 60 additional days granted by § 108(b), for an extension of time within which to redeem. This does not satisfy the section; § 108(b) allows the trustee or debtor in possession a period of time in which to "file, cure, or perform, as the case may be." The filing of a motion seeking more time is not authorized by the language of the section. Thus, the motion must fall under the equitable powers of the Court under § 105(a).

I cannot utilize the general grant of the powers of a court of equity to authorize the debtor in possession to do something which Congress has expressly considered and limited. Indeed, § 105(a) provides "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate *to carry out the provisions of this title.*" There is no provision in § 108 for extension for cause shown or if adequate protection can be provided the mortgagee. While it is true that chapter 11 is a rehabilitative device, the language of the Code is unambiguous. Defendants had one year within which to redeem under state law. Shortly before the expiration of that period, they still had not redeemed and filed for relief under the Code. They were thus granted an additional two months to redeem, to May 2, 1983. The plaintiffs' rights must be considered as well as the defendants' right to attempt reorganization.

■ I conclude that the redemptive right under Idaho law passed to the bankruptcy estate under § 541; that this right to redeem was extended beyond its scheduled March 24, 1983 deadline to May 2, 1983, by operation of § 108(b); that performance under the Idaho Code sufficient to redeem the property having not been made by that date, the conditional interest of the mortgagors and the bankruptcy estate automati-

cally terminated; that the Court's equitable powers under § 105 should not be exercised to change that result or further extend the period to redeem.

I therefore deny the motion of the debtors in possession, and grant plaintiffs' motion for summary judgment in the adversary proceeding.