**In re Carl Arthur PETERSEN, dba Petersen Construction Co.; CAPCO Investments Rental Properties; Commercial Properties; Petersen & Assoc.; KP Sand & Gravel, Inc.; 4–D Rentals, Inc.; Northwest Collections & Property Management, Inc., Debtor-in-possession.**

**Bankruptcy No. 683–07082(c).**

United States Bankruptcy Court,
D. Oregon.

May 10, 1984.

Michael C. Cowgill, Weatherford, Thompson Brickey and Powers, Albany, Oregon, for plaintiff.

H. Thomas Evans, Evans and Armstrong, Eugene, Oregon, for defendant.

MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

Home Federal Savings and Loan Association (hereinafter Home Federal) has filed a

motion for relief from stay in the Carl A. Petersen (hereinafter Petersen) chapter 11 reorganization.

Petersen has agreed to the statement of facts appearing in Home Federal's motion. On October 7, 1982, Home Federal obtained three mortgage foreclosure judgments against Petersen on properties in Lane County, Oregon. On November 29, 1982, the sheriff, on duly issued writs of execution, sold the three properties to Home Federal. On December 15, 1982, the circuit court entered an order in each case confirming the sale.

Under O.R.S. 23.560(1) Petersen had one year from the date of the sheriff's sale on November 29, 1982, to redeem each property. Petersen redeemed none. After the statutory period of redemption had expired, the sheriff issued a sheriff's deed for each property to Home Federal. Meanwhile, Petersen had filed this chapter 11 proceeding on February 1, 1983.

Home Federal argues that 11 U.S.C. § 362 does not toll the running of the one year period of redemption Petersen was provided by Oregon law. Thus, although Home Federal has initiated this action through a motion under § 362, in fact it advocates a finding that that section has no applicability under these facts. In his response and memorandum, although Petersen does not specifically mention the court's authority under § 105, he has raised an additional, equitable, argument to support his belief that the period of redemption is tolled by the filing of the bankruptcy petition.

■ This court shall first address the effect of the automatic stay on the running of the period of redemption granted by O.R.S. 23.560(1). I will then address what authority this court has under 11 U.S.C. § 105 to toll that period.

A significant number of courts in the country have recently addressed the § 362 issue presented to me for determination. As often happens, in this area the courts do not demonstrate unanimity. Having reviewed these cases, I am persuaded the position this court should take is reflected by the following cases: *Ecklund and Swedlund Development Corp. v. Hennepin Federal Savings and Loan Assoc. of Minneapolis,* 17 B.R. 451 (Bankr.D.Minn. 1981); *First Financial Savings and Loan Assoc. v. Winkler,* 29 B.R. 771 (N.D.Ill. 1983); *Steele v. Pridham,* 31 B.R. 497 (Bankr.E.D.Cal.1983); and *Cramer v. Markee,* 31 B.R. 429 (Bankr.D.Idaho 1983). These courts have all held that § 362 does not toll the running of the debtor's statutory period of redemption afforded by the applicable state law. Each court has found that under its state law no legal "act" or "proceeding" within the meaning of § 362(a)(1)–(8) is required of a party after a sale of the property to consummate the acquisition of clear title in the hands of the purchaser at the end of the redemption period. Such acquisition results solely from the passage of time. The words Congress chose to describe the matters stayed by § 362 evoke an image of the requirement of a positive legal step.

The Oregon execution procedure, O.R.S. 23.410–23.600, allows the judgment debtor to redeem the property within one year of the date of its sale upon payment of the purchase money, any accrued interest and any taxes and prior liens the purchaser may have been required to pay. The redeemer must give the purchaser not more than 30 days notice of his intent to redeem. During the redemption period the purchaser is entitled to possession of the purchased property (unless leased) and to the rents and profits therefrom. If redemption is not timely made, the purchaser is entitled to a sheriff's deed.

From the date of the sale the judgment debtor has only bare legal title to the property sold. He must take further legal steps to reacquire full title. Section 362 stays only "acts" or "proceedings" of nondebtors. What the debtor needs to do to reacquire the property is irrelevant to this analysis. Under Oregon's redemption procedure it is clear the purchaser need only wait for the fullness of time to be blessed with fee title.

The Bankruptcy Code contains a specific statute, 11 U.S.C. § 108, which clearly defines the effect of the initiation of a bankruptcy proceeding on time periods which have commenced and which might affect the debtor or other interested parties. Specifically, § 108(b) requires the trustee, or debtor-in-possession, to act within the time period established by that subsection if he is to avoid the effect of non-action. If this court were to find that § 362(a) tolled the debtor's period of redemption, it would necessarily also need to find that with regard to periods of redemption the statute of limitations established by § 108(b) is superfluous. Nothing in the legislative history of § 108 indicates a congressional intent that that section not apply to any and all relevant time periods within which the debtor and other interested parties find themselves. Rather, under general rules of statutory construction, §§ 362 and 108 should be read in a manner to give both sections effect. *Steele v. Pridham* at 499.

The debtor-in-possession argues that this court should find the running of the redemption period an "act" or "proceeding" within the meaning of 11 U.S.C. § 362(a)(1)–(8). In support of his position he cites *Eaton Land and Cattle Co. II v. Rocky Mountain Investments*, 28 B.R. 890 (Bankr.D.Colo.1983) and *In re Jenkins*, 19 B.R. 105 (D.Colo.1982). These Colorado cases, however, recently have been, in effect, reversed by *In re Cucumber Creek Development, Inc.*, 33 B.R. 820 (D.Colo. 1983). *Cucumber Creek* was decided by District Judge Kane, author of *Jenkins*. *Cucumber Creek* determined that 108 and not § 362 specifically addresses the issue of tolling of time within the Bankruptcy Code.

In 1972 the Ninth Circuit Court of Appeals decided that under the language of § 116(4) of the Bankruptcy Act (which language is substantially similar to that of 11 U.S.C. § 362) "proceedings to enforce a lien" should "be construed to encompass all proceedings leading to divestiture of the debtor's title." *Hamblen v. Federal Savings and Loan Ins. Corp. (In re Grosso*

*Investment, Inc.)*, 457 F.2d 168, 172 (9th Cir.1972). For two reasons, however, I do not find *Hamblen* controlling in this case. In *Hamblen* the court had Arizona law before it. Under that law, upon sale equitable title passes to the purchaser. The debtor retains all of the ownership rights, including the right of possession. *In re Sapphire Investments*, 19 B.R. 492, 494–495 (Bankr.D.Ariz.1982).

The *Hamblen* court's analysis that § 116(4) of the Bankruptcy Act tolled the running of the redemption period was largely aided by the court's further finding that the language of § 11(e) of the Act was not applicable to reorganizations. *Hamblen* at 173. Section 11(e) of the Act is substantially the same as § 108(b) of the Code. Yet § 103 of the Bankruptcy Code makes § 108 applicable to reorganizations.

In his memo Petersen prays the court wave its chancellor's arm to protect the estate from loss of properties in which he alleges substantial equity. At least two courts have held that for equitable reasons the redemption period may be tolled by use of 11 U.S.C. § 105. *Ecklund, Bank of Commonwealth v. Bevan*, 13 B.R. 989 (E.D.Mich.1981). In *Bevan* the court cited *Hamblen* as authority for its position. I disagree with the *Bevan* court's analysis of the *Hamblen* case. In *Hamblen* the only issue before the court was whether the Act's equivalent language of § 362 tolled the redemption period. Only in dicta did the *Hamblen* court state that § 2(a)(15) of the Act (language similar to § 105 of the Code) seemed to grant the court the power to toll the redemption period. In addition, it should be noted that, as the *Hamblen* court had found that § 11(e) of the Act (similar to § 108(b) of the Code) did not apply to reorganizations it did not have to address the more difficult issue as to whether § 11(e) placed a limit on the potential use of § 2(a)(15) under these circumstances. For these reasons I also question Judge C.E. Luckey's reliance on *Hamblen* to support the use of § 105 to extend the redemption period in *In re J.J. and L.*

*Properties, Inc.,* No. 683–07572 (Bankr. D.Or. October 13, 1983).

I believe the better reasoning to be reflected by *Johnson v. First National Bank of Montevideo, Minn.,* 719 F.2d 270 (8th Cir.1983), *Cramer v. Markee,* 31 B.R. 429 (Bankr.D.Idaho 1983), and *In re Rutterbush,* 34 B.R. 101 (E.D.Mich.1982). In *Johnson* the eighth circuit found that if the court exercised its power under § 105 to toll the redemption it would, in essence, be creating a new substantive property right for the debtor which was nonexistent under state law. *Johnson* at 274. Regardless of the context in which the issue arises, the courts have consistently refused to exercise the power under § 105 to create or increase substantive rights. *Johnson* at 274 (citing *In re Perry,* 25 B.R. 817, 821 (Bankr.D.Md.1982) and *In re Dunckle Associates, Inc.,* 19 B.R. 481, 485 (Bankr.E.D. Pa.1982)).

Both *Markee* and *Rutterbush* have also pointed out that the enactment of § 108 clearly limits the use of § 105 to address the issue of the effect of the running of time within the bankruptcy context. *Markee* at 431, *Rutterbush* at 102.

The language "including any suspension of such period occurring on or after the commencement of the case" within § 108(b)(1) at first glance appears to contemplate a court injunction which could be imposed under the authority of § 105 to toll a redemption period. There are other statutes within the Bankruptcy Code which establish specific time periods. An example is § 362(d)(2). It is more logical to assume that the drafters of the Code were simply recognizing these other specific statutes when they included the quoted language in § 108(b)(1).

I find that this court cannot use § 105 to toll Petersen's redemption period.

██ The language of § 108 rather than either § 362 or § 105, controls Petersen's redemption period post-petition. Applying the calculations of § 108(b) to the dates before me, it is clear Petersen had before the later of November 29, 1983 (one year

from the date of the sheriff's sale) and April 2, 1983, to redeem these properties. Petersen's redemption right expired midnight November 29, 1983. As Petersen did not redeem any of the three parcels, as of November 30, 1983, no interest in the parcels was an asset of the bankruptcy estate. The stay of § 362 is no longer effective as to these properties. This case was placed before me through Home Federal's motion for relief from stay. Because I have found that § 362 no longer effects the subject properties the granting or denial of Home Federal's motion has become a moot issue. This Memorandum Opinion should be all that is required to aid Home Federal to clear title to its properties.

This Memorandum Opinion contains the court's findings of fact and conclusions of law, and pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052, they will not be separately stated.

A consistent order herewith will be entered.