**I.T.T. SMALL BUSINESS FINANCE CORP., Appellant,**

v.

**Gladys FREDERIQUE, Appellee.**

**No. CV–87–0617.**

United States District Court, E.D. New York.

Nov. 12, 1987.

Platzer, Fineberg & Swergold, New York City, for I.T.T.; Henry A. Swergold, Debra Kramer, of counsel.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

I.T.T. Small Business Finance Corp. ("I.T.T.") appeals from an order of the Bankruptcy Court, (Hall, J.) granting the debtor's motion to expunge I.T.T.'s proof of claim.

FACTS:

Gladys Frederique, the debtor, executed unconditional personal guarantees of two corporate promissory notes in favor of the appellant, I.T.T. (Record B–4, Exhibit A).

After the debtor defaulted on payment of the guarantees, the appellant commenced proceedings on December 27, 1985 in the Supreme Court of the State of New York, County of Queens against the debtor to recover the unpaid balance due. Judgment for the appellant was duly entered against the debtor on February 21, 1986 in the amount of $265,688.36 plus interest at nine percent per annum.

On June 26, 1986, the debtor and the appellant entered into a conditional stipulation settling appellant's judgment for the sum of $40,000.00. (Record B–4, Exhibit B). Payment was to be made in one $15,-000.00 installment and thirty one consecutive monthly installments of $500.00.

Clause 6 of the stipulation sets forth "cure" provisions in the event that the debtor defaulted on a monthly payment. Specifically, the agreement states that subsequent to I.T.T. supplying written notice of debtor's default to debtor's counsel, the debtor had a twenty (20) day period in which to cure that default. Clause 6 also provides that if the debtor failed to do so within the stipulated grace period, I.T.T. would be entitled to foreclosure for the full amount of the judgment, less credit for any payments made prior to the default. Clause 18 of the stipulation provides that upon payment in full of the settlement amount of $40,000.00, the appellant would execute and deliver to the debtor a release and a satisfaction of judgment.

Pursuant to the terms of the stipulation, the debtor made payments totalling $15,-500.00, but defaulted on the monthly installment due August 1, 1986. Appellant mailed written notice of default, dated August 6, 1986 to debtor's counsel. (Record B–4, Exhibit C).

On August 19, 1986, appellant filed a petition in bankruptcy under Chapter 13, Title 11 of the United States Bankruptcy Code.

On October 2, 1986, appellant duly filed a proof of claim with the Bankruptcy Court in the amount of $240,188.36 (Record B–2) representing the remaining unpaid balance of the aforesaid judgment (Record B–4, Exhibit A).

By Notice of Motion dated October 8, 1986, the Chapter 13 Trustee (Record B–6) moved the Bankruptcy Court for an order dismissing the debtor's Chapter 13 petition in bankruptcy on the grounds that the debtor did not comply with the statutory requirement of 11 U.S.C. § 109(e) in that the debtor's list of creditors exceeds $100,-000.00 of unsecured debt. The debtor then filed a Notice of Motion, dated October 14, 1986, to expunge the proof of claim filed by the appellant. (Record B–3). In response, the appellant filed a Statement in Opposition to Debtor's Motion and in Support of the Trustee's Motion (Record B–4) and a Memorandum of Law in Support thereof. (Record B–5).

By a decision dated January 29, 1987, United States Bankruptcy Judge Hall ruled that the appellant's claim was fixed by the terms of the settlement and that if the court gave the appellant a larger claim than provided in the settlement, the court would be enforcing a defacto cancellation clause for filing bankruptcy. Because such clauses are illegal, the Bankruptcy Court granted the debtor's motion to expunge the appellant's proof of claim.

I.T.T. appeals from this ruling. For the following reasons, this court reverses the decision of the Bankruptcy Court.

The default clause contained in the stipulation between I.T.T. and Frederique

is neither an "ipso facto" provision, nor a defacto cancellation clause. An "ipso facto" or "bankruptcy clause" is a contractual provision which expressly states that upon a borrower's filing of a bankruptcy petition, the creditor may accelerate payment of the entire unpaid balance due under the terms of the contract. *See Matter of Rose,* 21 B.R. 272 (Bkrtcy.N.J.1982); *In re Horton,* 15 B.R. 403 (Bkrtcy.E.Va.1981). *See also* 11 U.S.C. § 365(b)(2), set forth in footnote 1.[1]

■ The default provision in question provides in part:

Should the debtor fail to cure the default in full within twenty (20) days from the sending of the notice of default, the secured party shall be entitled to foreclosure upon its security interest in the collateral to the extent of twenty five thousand and no/100 ($25,000.00) dollars and/or seek any and all remedies available to execute upon its judgment against the debtor for the full amount of the judgment, credit to be given for any payments made prior to such default.

Under the foregoing default clause, payments required in the event of Frederique's default are not conditioned upon commencement of a case under the bankruptcy code, or by the appointment of a trustee, receiver, or custodian. The court finds, therefore, that clause 6 of the stipulation is not a bankruptcy default clause within the meaning of the bankruptcy code. The Bankruptcy Judge was correct in that I.T.T.'s rights were fixed by the terms of the settlement. Those rights, however, included I.T.T.'s bargained—for ability to collect the full amount of its judgment in the event of a default on the stipulation. This court cannot find a basis upon which to void that right.

■ Although the argument might be advanced that § 362(a) tolled the twenty day clock established by paragraph 6 of the stipulation, the court finds this not to be the case.

Title 11 U.S.C. § 108(b) provides:

Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—

(1) the end of such period, including suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

An interpretation of § 362(a) as an indefinite stay of Frederique's time to cure a default of the agreement would render § 108(b) nugatory. It is a well established maxim of statutory interpretation that when sections of an act can be construed consonantly, they should be so interpreted. *See generally* Sutherland Stat. Const. §§ 51.01, 51.02 (4th Ed.).

The reasoning that underlies this maxim has been applied to the Bankruptcy Code, *Bank of Commonwealth v. Bevan,* 13 B.R. 989, 994 (E.D.Mich.1981) ("[W]here one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict.") and it has been applied in cases

---

1. Title 11 U.S.C. § 365 speaks to when trustees may assume executory contracts and unexpired leases. More specifically, § 365(b)(1) states when a trustee may assume an executory contract after there has been a default. Further, (b)(2) of that section provides that (b)(1) does not apply

to a default that is a breach of a provision relating to—
A) the insolvency or financial condition of the debtor at any time before the closing of the case;

B) the commencement of a case under this title; or
C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

Although it may be arguable whether the contract between I.T.T. and Frederique is executory, this Court need not reach that issue in light of its determination that Clause 6 is not a defacto cancellation clause.

similar to the case at bar. *See In re Prid-ham,* 31 B.R. 497 (Bkrtcy.E.D.Cal.). (Time period specified in West's Ann.Cal.Civ.Code § 2924 *et. seq.* in which party had to cure a default under a promissory note secured by a deed of trust was not tolled by the § 362(a) automatic stay, but once default was recorded, three month redemption period began to run and continued to run even though bankruptcy petition was filed).

The stipulation between the parties fixed a twenty day period within which Frede-rique's default could be cured, and this period had not expired before the date of the filing of the petition. Under § 108(b), the trustee had the option of curing the default either at the end of the fixed period or sixty days after the entry of the order for relief, whichever was later. The trust-ee also had the option of letting the cure period expire. He chose the latter and as a result, the provisions of clause 6 apply.

Accordingly, this court finds that I.T.T.'s proof of claim in the amount of $240,188.36 should not have been expunged. The decision of the Bankruptcy Court is therefore reversed.

SO ORDERED.